Stevens, J. (concurring).
Agreeing with the views expressed by Judge Breitel, I write briefly to underscore my position.
Even as prohibition is an extraordinary remedy, so is the right to inspect the minutes of a Grand Jury. Such right should be afforded only in exceptional cases.
An article 78 proceeding in the nature of prohibition may be employed to restrain a court from acting in excess of its authorized powers in a proceeding under which it may actually have jurisdiction. (See Matter of Lee v. County Ct. of Erie County, 27 N Y 2d 432, 436-437.) I merely state, therefore, that, when the County Court Judge in this case disavowed the grounds urged by the defendant in support of his application for inspection of the minutes of the Grand Jury, indicated no doubt as to the sufficiency of the evidence adduced before that body, and granted the inspection “ in the interest of justice ” and to enable the defendant ‘ ‘ to prepare his defense ’ ’, he unquestionably went beyond the limits of his power. Accordingly, it follows that the order of prohibition was properly issued.